## THE MILLER BROTHERS STAR SHOE CO. v. GRIFFITHS.

*Negotiable instruments — Holder in due course — Note transferred by payee — After receiver appointed.*

One who purchases of the payee in good faith by indorsement and delivery for value, before maturity, a negotiable promissory note without notice of any infirmity in the instrument or defect in the title, is a holder in due course, even though a receiver of the property of the payee had been appointed and qualified, the purchaser having no knowledge of that fact, and the receiver never having been in actual possession of the instrument.

(Decided May 12, 1919.)

ERROR: Court of Appeals for Cuyahoga county.

*Messrs. Turney, Olds & Sipe* and *Mr. I. N. Loeser,* for plaintiff in error.

*Messrs. Gaughan & Collins,* for defendant in error.

RICHARDS, J. Griffiths commenced an action in the municipal court of Cleveland to recover on a promissory note for $500, executed March 12, 1918, by The Miller Brothers Star Shoe Company, payable in sixty days from its date to The Barry Brothers Company, or order. The trial resulted in a judgment in favor of the plaintiff, Griffiths, for the amount of the note and interest, and it is urged in this court that the judgment so rendered is against the evidence and contrary to law and should therefore be reversed.

The controlling facts in the case are not in controversy. The next day after the promissory note

was executed and delivered to The Barry Brothers Company, the court of common pleas of this county appointed a receiver of that company, and the journal entry appointing the receiver directed him, upon being qualified, to take and keep possession of all the property of the company and hold the same subject to the further order of the court, and also directed that all persons having property in their possession or under their control, belonging to the company, should deliver the same to the receiver. The receiver qualified on the date of his appointment and promptly demanded of The Barry Brothers Company, and the officials thereof, all property under their control belonging to said company.

On or about the 17th of March, 1918, David J. Barry, who was president and manager of The Barry Brothers Company, and who had full knowledge that a receiver had been appointed for the company, endorsed and delivered the promissory note on which the action was based to William Griffiths, for full value, and the endorsee took the same without any knowledge that a receiver of said company had been appointed, and without knowledge of any defenses to said note. The record discloses that Griffiths was well acquainted with The Barry Brothers Company and had frequently transacted business of this character with them before that time. Under these circumstances this court is of the opinion that William Griffiths became a *bona fide* holder of the instrument in due course and is entitled to recover the amount thereof of the maker.

The matters in controversy in this case are covered in làrge part by various sections of the Negotiable Instruments Act, as found in the General Code of Ohio, particularly in Sections 8135, 8156, 8157 and 8162. These sections provide in substance that 'the negotiation of an instrument of this character is effected by endorsement of the holder completed by delivery, that payment to the holder in due course discharges the instrument, and the statute so defines a holder in due course as to include one who becomes the owner of an instrument under the circumstances shown by the evidence in this case, and authorizes such holder to enforce payment of the instrument against the parties liable thereon. While the receiver who was appointed in this case was authorized to take possession of all the property of the company, he did not, by the order of appointment, become invested with the legal title to this promissory note, but the title to the instrument still remained in the original payee and the transfer of the note by endorsement of that payee for value, under the circumstances shown, passed to and authorized a recovery on the part of the endorsee.

As a general rule of law the maker of a note can not question the authority or capacity of the payee to make a transfer thereof. The principle is announced in substantially this language in 3 Ruling Case Law, 994, and in 8 Corpus Juris, 336, and is sustained by numerous authorities, the leading case being *Drayton* v. *Dale,* 2 Barn. & Cr., 293. The cases are collected in Bigelow on Estoppel (6 ed.), 535.

*Merrick, Recr.,* v. *Merchants' Nat. Bank,* 8 N. P., 411, 11 O. D., 293, affirmed by the circuit court and by the supreme court in 67 Ohio St., 530, without opinion, is not in conflict with the principles herein announced. That was an action brought by the receiver against the endorsee, and the court found that the bank, which had become the purchaser of the instrument, never had any previous dealings with the firm and had not taken ordinary precautions. There are further distinctions between that case and the one at bar, which we need not indicate.

We are not attempting in this case to decide what if any rights the receiver of The Barry Brothers Company may have with respect to this note.

For the reasons given the judgment will be affirmed.

*Judgment affirmed.*

KINKADE and CHITTENDEN, JJ., concur.

Judges of the Sixth Appellate District, sitting in place of Judges DUNLAP, WASHBURN and VICKERY of the Eighth Appellate District.